UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SHAY, on his own behalf and
all similarly situated individuals,

    Plaintiff,

vs.                              Case No. 2:10-cv-146-FtM-29DNF

AMERA-TECH INC., a Florida Profit
Corporation, JANET UHL,
individually, DALE UHL,
individually,

    Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Strike Defendants' Affirmative Defenses to Plaintiff's Complaint (Doc. #15) filed on April 14, 2010. Defendants filed a Response (Doc. #18) on April 28, 2010. Plaintiff seeks to strike defendants' Second, Seventh, Eighth, Ninth, Eleventh, Twelfth, and Fourteenth Affirmative Defenses (Doc. #12, pp. 6-8).

Affirmative defenses included in an answer are a pleading which must provide "a short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A pleader must, however, plead enough facts to state a plausible basis for the claim. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-6 (2007). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the

evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Under Fed. R. Civ. P. 12(f), "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

**Second Affirmative Defense:**

The defense states that defendants are entitled to an offset against any unpaid Fair Labor Standards Act (FLSA) overtime wages by compensation paid in excess of hours actually worked. Plaintiff argues that an off-set is not permitted for "otherwise non-compensable time," and the defense fails to plead any of the permitted credits under 29 U.S.C. § 207(h).

The Court does not find that the defense is barred under "black-letter law." An off-set may be permitted if it does not result in sub-minimum wage payments. See, e.g., Hansen v. ABC Liquors, Inc., 3:09-cv-966-J-34MCR, 2009 WL 3790447, at *3 (M.D. Fla. Nov. 9, 2009)(discussing Brennan v. Heard, 491 F.2d 1 (5th Cir. 1974)). As the Court cannot determine at this stage whether this will occur, the defense will not be stricken on this basis. It is, however, unclear whether the defense is pursuant to Section 207(h), which for example excludes traveling expenses from the definition of "regular rate,"[1] or some other authority. Therefore,

---

[1] The Court notes that defendants have also pled a Counterclaim (Doc. #12, pp. 8-9) for unjust enrichment for plaintiff's failure to clock in and out per policy and for compensation paid for
(continued...)

the defense will be stricken because it requires a more definite statement. Since defendants have stated that more specificity can be provided, see Doc. #18, p. 2, defendants may amend the defense.

**Seventh Affirmative Defense:**

The defense states that plaintiff is barred by the doctrine of unclean hands because of errors and omission in the use of the time clock, and other acts and omissions. To assert a defense of unclean hands, defendants must demonstrate that plaintiff's wrongdoing was directly related to the claim asserted in the Complaint. Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 451 (11th Cir. 1993)(citing Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245 (1933)).

Plaintiff argues that the defense should be stricken because the lawsuit serves an important public purpose. The Court rejects this argument for the reasons stated in McGlothan v. Walmart Stores, Inc., 6:06-cv-94-Orl-28JGG, 2006 WL 1679592, at *2-3 (M.D. Fla. June 14, 2006). Although it would appear based on the Counterclaim that defendants argue that the hours claimed are inaccurate because plaintiff did not clock in and out and was otherwise compensated, the defense inadequately pled. See, e.g., Kendrick v. Alternative Care, Inc., 5:06-cv-235-Oc-10GRJ, 2006 WL

---

[1](...continued)
commuting.

-3-

4756451, *2 (M.D. Fla. Oct. 25, 2006). The motion to strike will be granted without prejudice to amend.

Plaintiff also addresses waiver, however defendants' response does not acknowledge that waiver is stated in the seventh defense. To the extent it is, the motion to strike a waiver defense is granted. See Groves v. Dury, M.D., P.A., 2:06-cv-338-FTM-99SPC, 2006 WL 2556944, at **1-2 (M.D. Fla. Sept. 1, 2006).

**Eighth, Ninth, and Eleventh Affirmative Defenses:**

The eighth and ninth defenses are essentially identical. One alleges that plaintiff was never an employee of defendants, and the other alleges that defendant Ameri-Tech, Inc. was not an employer of plaintiff. The eleventh defense states that defendant Ameri-Tech, Inc. was not an enterprise engaged in commerce. The Court finds that all three can be valid defenses to a claim under the FLSA, however, the ninth defense is redundant of the eighth defense, and all three require a more definite statement under FED. R. CIV. P. 8 regarding why Ameri-Tech, Inc. is not a qualifying employer or enterprise and why plaintiff is not an employee. The motion to strike will be granted without prejudice to amend.

**Twelfth Affirmative Defense:**

The defense provides that plaintiff is not entitled to attorneys' fees. Plaintiff seeks to strike the defense because a prevailing plaintiff is statutorily entitled to attorney's fees.

The motion will be granted because it is not a defense, but defendants' position if plaintiff does not prevail. The motion to strike will be granted to the extent that it is not a valid defense.

**Fourteenth Affirmative Defense:**

The defense states that plaintiff was exempt from overtime requirements. Plaintiff seeks to strike the defense because it requires a more definite statement, but not because it presents an invalid defense. The motion will be granted to the extent that defendants aver that they will amend to provide additional information, now available. (See Doc. #18, p.3.)

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Strike Defendants' Affirmative Defenses to Plaintiff's Complaint (Doc. #15) is **GRANTED IN PART AND DENIED IN PART** as set forth above. Defendants may file amended affirmative defenses within **FOURTEEN (14) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of May, 2010.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record